IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

John M.,[1]

        Plaintiff,                             **Civ. No. 6:20-cv-00933-MC**

       v.                                   **OPINION AND ORDER**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

        Defendant.

_____

**MCSHANE, Judge**:

Plaintiff John M. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff applied for DIB on June 29, 2017, alleging disability beginning on April 16, 2017. Tr. 174. Plaintiff was forty-two years old at the time of his alleged disability onset. Tr. 22. Plaintiff has completed high school and has worked as a deckhand on a commercial fishing boat and as a papermill worker. Tr. 193. Plaintiff alleges disability due to his rheumatoid arthritis, chronic hives, abdominal pain, tachycardia, hypertension, traumatic arthropathy of the ankle and foot, inflammatory disease, small tumors on the tendons of both feet, irritable bowel syndrome,

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

and idiopathic avascular necrosis. Tr. 192. Following a hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's claim by a written decision dated July 30, 2019. Tr. 12–24. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff argues the ALJ erred by: (1) improperly rejecting Plaintiff's subjective allegations; (2) improperly rejecting the occasional handling and reaching limitations from the consultative examiner, Dr. Leinenbach; and (3) failing to consider the lay witness statements from Plaintiff's wife and mother-in-law. Pl.'s Br. 8–14, ECF No. 13. Because substantial evidence in the record supports the ALJ's findings and any errors are harmless, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may

not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration ("SSA") utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

The ALJ determined Plaintiff had the following severe impairments: inflammatory arthritis, dysfunction of major joints, and degenerative disc disease. Tr. 17. The ALJ concluded Plaintiff had the RFC to perform light work with the following relevant additional restrictions: frequent, but not constant, handling, fingering, and operation of foot controls bilaterally. Tr. 19. Plaintiff argues the ALJ did not capture the extent of his limitations. The Court addresses each of Plaintiff's arguments in turn.

## I. Plaintiff's Subjective Allegations

Plaintiff alleged severe physical limitations. At the hearing before the ALJ, Plaintiff's attorney stated that Plaintiff experiences intermittent and unpredictable pain and swelling, severe

fatigue, and "generalized pain in pretty much every joint in his body" as a result of his arthritis. Tr. 35–36. Swelling and pain affect Plaintiff's hands, genitals, eyes, face, limbs, and feet. Tr. 36, 52, 54. Plaintiff testified chronic pain causes him to feel fatigued and requires him to sleep throughout the day. Tr. 52, 57. Plaintiff stated that his symptoms affect his ability to drive, button a shirt, put on shoes, and use a keyboard. Tr. 39, 55–56, 489. Plaintiff also testified that he is able to do some household chores such as "load[ing] the dishwasher," "start[ing] a load of clothes," helping his son get dressed for school, and walking with his son to the bus at the end of the driveway. Tr. 53, 57–58.

In his Function Report, Plaintiff described having "no energy at times," "extreme swelling in all parts of [his] body," "severe stomach pain," and "diarea [sic]." Tr. 230. In this report, Plaintiff also stated he doesn't do "very much" throughout the day due to his pain and lack of energy. Tr. 231. Plaintiff reported that his condition affects his ability to lift, squat, bend, stand, reach, walk, kneel, complete tasks, and use his hands. Tr. 235. However, Plaintiff also stated that he goes outside "daily," can go out on his own, and can drive. Tr. 233.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but Plaintiff's statements "concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. The ALJ further concluded that Plaintiff's "inability to work without some pain and discomfort" did not "satisfy the test for disability." Tr. 20. Plaintiff argues the ALJ erred by rejecting claimant's subjective allegations about the intensity, persistency, and limiting effects of his symptoms without providing

"specific, clear[,] and convincing reasons." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

Although Plaintiff argues the ALJ improperly discounted his subjective statements regarding pain and discomfort, the ALJ's conclusion is supported by substantial evidence in the record and is consistent with the RFC limiting Plaintiff to jobs with light exertion level and some additional limitations. The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Id.* (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989)). The ALJ "may consider a range of factors in assessing credibility." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). These factors can include "ordinary techniques of credibility evaluation," as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Id.; Lingenfelter v. Astrue,* 504 F.3d 1028, 1040 (9th Cir.2007).

The ALJ pointed to several of the above factors and provided specific, clear, and convincing medical evidence that controverted Plaintiff's allegations. The ALJ noted that Plaintiff has not sought treatment for degenerative disc disease since being diagnosed in January of 2017. Tr. 20. The ALJ also noted Plaintiff was prescribed medication for his pain and swelling, which Plaintiff reported led to "some improvement in morning stiffness." Tr. 20, 655, 740, 744. The ALJ observed that Plaintiff was also advised to increase his fluid intake to address a possible urinary tract infection and chronic diarrhea. Tr. 20, 628.

The ALJ contrasted Plaintiff's allegations of disabling pain and fatigue with the medical record, which indicated that Plaintiff's fatigue was "out of proportion to inflammatory findings." Tr. 20, 704. The ALJ discussed a physical examination that showed normal gait, station, and coordination, as well as normal muscle strength and mass in Plaintiff's arms and legs. Tr. 20, 657. Plaintiff's Rheumatologist noted that although Plaintiff reported spending most of the day in bed, "inflammatory studies have been normal. He does not have any symptoms of inflammatory arthritis at the moment." Tr. 703–04. On examination, Plaintiff exhibited normal muscle strength and mass in his extremities. Tr. 703. Plaintiff demonstrated normal range of motion "without undue effort." Tr. 703. Although Plaintiff complained of inflammatory arthritis and joint pain, the ALJ discussed how testing was "unable to confirm a diagnosis of rheumatoid arthritis" and X-rays of Plaintiff's hands and feet were "negative without findings to suggest arthropathy." Tr. 20, 505, 673, 675. Further, the ALJ pointed out that Plaintiff's inflammatory studies have been normal, and a physical examination indicated that Plaintiff "retained good range of motion" during an episode of swelling. Tr. 21, 751.

The ALJ did not err in utilizing "ordinary techniques of credibility evaluation" in weighing the validity of Plaintiff's self-reported limitations. *Ghanim*, 763 F.3d at 1163; *Lingenfelter*, 504 F.3d at 1040. Although Plaintiff argues another interpretation of the record is reasonable, that is not a legitimate reason for overturning the ALJ's conclusions. *See Gutierrez*, 740 F.3d at 523. Because the ALJ provided "specific, clear[,] and convincing reasons" for finding Plaintiff less-than credible regarding the extent of his limitations, the ALJ did not err in giving little weight to Plaintiff's testimony regarding those limitations. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

## II.    Dr. Leinenbach's Opinion

Dr. Leinenbach, a consultive examiner, performed two physical disability evaluations of Plaintiff, one in August 2017 and one in May 2019. Tr. 606–09, 758–69. Dr. Leinenbach based each evaluation on Plaintiff's medical record and a physical examination. Tr. 606–08, 758–60. In his August 2017 evaluation, Dr. Leinenbach concluded that Plaintiff was limited to standing and walking for "a total [of] 4-6 hours in an 8-hour workday." Tr. 609. Dr. Leinenbach also opined that although Plaintiff was limited to occasional climbing, crouching, and crawling, frequent handling and fingering, he had no limitations with respect to sitting, lifting, carrying, reaching, or feeling. Tr. 609. In his May 2019 evaluation, Dr. Leinenbach concluded that Plaintiff could perform light work with occasional bilateral handling, overhead reaching, pushing, and pulling, frequent bilateral all other reaching and fingering, frequent bilateral operation of foot controls, and occasional postural activities. Tr. 763.

Under the new SSA regulations (post March 27, 2017), an ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. In doing so, an ALJ must consider the following factors: (1) supportability; (2) consistency with the record as a whole; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(c)(2017). Of these, supportability and consistency are the most important and must be articulated in the ALJ's decision. *Id.* § 416.920c(b)(2).

The ALJ applied the new regulations and found Dr. Leinenbach's opinion "somewhat persuasive," concluding that the portion of Dr. Leinenbach's opinion pertaining to Plaintiff's reaching limitations was unpersuasive. Tr. 21. Plaintiff argues the ALJ's "reason for not

7 – OPINION AND ORDER

crediting Dr. Leinenbach's occasional handling and reaching limitations were not specific, legitimate, and supported by substantial evidence." Pl.'s Br. 11. The Ninth Circuit has stated "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007).[2]

Supportability is determined by the degree to which objective medical evidence and explanations support a medical opinion. 20 C.F.R. § 416.920c(c)(1). In assessing the supportability of Dr. Leinenbach's opinion, the ALJ noted Dr. Leinenbach "d[id] not provide a rationale for the reaching limitations." Dr. Leinenbach's evaluation simply stated, "[h]and and foot limitations are due to seronegative inflammatory polyarthritis." Tr. 763. But as noted by the ALJ, Dr. Leinenbach's examination found Plaintiff had normal range of motion in the neck, back, shoulders, elbows, forearms, and wrists. Tr. 21, 760.

Consistency is determined by the degree to which a medical opinion is consistent with other medical and nonmedical sources. 20 C.F.R. § 416.920c(c)(2). In assessing the consistency of Dr. Leinenbach's opinion, the ALJ compared his findings to other medical opinions and against Plaintiff's medical record. Tr. 21. The ALJ addressed Dr. Leinenbach's earlier evaluation that found Plaintiff had no reaching limitations and could handle frequently. Tr. 21, 609. Additionally, the ALJ reviewed the opinions of non-examining state agency medical consultants

---

[2] The Ninth Circuit has not issued an opinion regarding the effect of the new 2017 SSA regulations on the "specific and legitimate" standard articulated in *Orn*. *See Robert S. v. Saul*, No. 3:19-cv-01773, 2021 U.S. Dist. LEXIS 65231, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 59635, 2021 WL 1206576 (D. Or. Mar. 29, 2021) (collecting cases). However, other Ninth Circuit district courts have concluded that under the new SSA regulations the "specific and legitimate" standard is still applicable as the standard against which the Court evaluates the ALJ's reasoning. *See John N. v. Comm'r of Soc. Sec. Admin.*, No. 20-cv-01273, 2022 U.S. Dist. LEXIS 35027, at *17–18 (D. Or. Feb. 28, 2022) (citing *Scott D. v. Comm'r of Soc. Sec. Admin*, No. C20-5354, 2021 U.S. Dist. LEXIS 4083, at *4 (W.D. Wash. Jan. 8, 2021)).

at the initial and rehearing level that found Plaintiff was capable of performing work at the light exertion level. Tr. 21, 92, 94, 106, 108. Finally, as discussed above, the ALJ reviewed Plaintiff's medical records which supported Plaintiff's ability to perform a reduced range of light work with good range of motion, indicated normal muscle strength and mass in Plaintiff's arms and legs, and did not find Plaintiff had arthropathy in his hands. Tr. 20–21.

In finding a specific portion of Dr. Leinenbach's opinion unpersuasive, the ALJ considered and articulated the required factors. The ALJ's finding is supported by specific, legitimate reasons and substantial evidence.

### III.     Lay Witness Testimony

In addition to Plaintiff's own subjective allegations, Plaintiff's wife and mother-in-law also submitted statements in support of Plaintiff's disability. Tr. 222–29, 289–90. Plaintiff argues that the ALJ erred by failing consider and failing to provide germane reasons for discounting this lay witness testimony. Defendant concedes that the ALJ did not evaluate these lay witness's testimony as part of his decision but contends that this error was harmless. Def.'s Br. 12, ECF No. 15.

Lay witness testimony regarding a claimant's symptoms or limitations is "competent evidence that the ALJ must take into account." *Molina*, 674 F.3d at 1114 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Typically, an ALJ must provide "germane reasons" for rejecting lay testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). However, failure to provide a reason for discounting lay witness testimony is harmless where "the same evidence that the ALJ referred to in

discrediting the claimant's claims also discredits the lay witness's claims." *Molina*, 674 F.3d at 1122 (cleaned up) (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)).

To the extent Plaintiff's wife and mother-in-law offered opinions regarding Plaintiff's limitations, their opinions generally mirrored Plaintiff's own allegations. As the lay testimony generally described the same limitations alleged by Plaintiff, and as the ALJ did not err in rejecting Plaintiff's own testimony as to the extent of his limitations, any error in not addressing the lay testimony of Plaintiff's wife and mother-in-law is harmless. *Id.*

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 17th day of March, 2022.

                                            s/ Michael J. McShane
                                            Michael J. McShane
                                            United States District Judge